**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ X <br> IN RE <br> <br> TOPS HOLDING II CORPORATION, *et al.*, <br> <br> Debtors. <br> <br> ------------------------------------------------------------ X <br> ALAN D. HALPERIN, AS THE LITIGATION TRUSTEE FOR THE TOPS HOLDING LITIGATION TRUST, <br> <br> Plaintiff, <br> -against- <br> <br> MORGAN STANLEY INVESTMENT MANAGEMENT INC.; MORGAN STANLEY CAPITAL PARTNERS V U.S. HOLDCO LLC a/k/a NORTH HAVEN CAPITAL PARTNERS V U.S. HOLDCO LLC; HSBC EQUITY PARTNERS USA, L.P.; HSBC PRIVATE EQUITY PARTNERS II USA LP; TURBIC INC; BEGAIN COMPANY LIMITED; GARY MATTHEWS; ERIC KANTER; ERIC FRY; GREG JOSEFOWICZ; AND STACEY RAUCH, <br> <br> Defendants. <br> ------------------------------------------------------------ X | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br> <br> Case No. 18-22279 (RDD) <br> <br> (Jointly Administered) <br> <br> <br> <br> Adv. Pro. No. 20-08950 (RDD) |

## **PROTECTIVE ORDER**

This agreed Protective Order ("Protective Order") governs the exchange and receipt of confidential information produced during discovery in the above-captioned adversary proceeding ("Adversary Proceeding") by and among (a) Alan D. Halperin ("Litigation Trustee"), as litigation trustee for the Tops Holding Litigation Trust a/k/a GUC Litigation Trust of Tops

1

Holding II Corporation and its affiliated debtors ("Tops Holding Litigation Trust");[1] (b) Defendants Morgan Stanley Investment Management Inc. d/b/a Morgan Stanley Private Equity and Morgan Stanley Capital Partners, Morgan Stanley Capital Partners V U.S. Holdco LLC a/k/a North Haven Capital Partners V U.S. Holdco LLC, HSBC Equity Partners USA, L.P., HSBC Private Equity Partners II USA LP, Turbic Inc., Begain Company Limited, Gary Matthews, Eric Kanter, Eric Fry, Greg Josefowicz, and Stacey Rauch (collectively, "Defendants"); and (c) any other persons or entities who become bound by this Protective Order by signifying their assent through execution of **Exhibit A** or **Exhibit B** hereto ("Declaration"). Each of the persons identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "Party," and collectively, as the "Parties." Each of the persons or entities identified in the foregoing clause (c) shall be referred to herein individually as a "Non-Party Signatory," and collectively as "Non-Party Signatories."

**Recitals**

WHEREAS, on February 21, 2018, Tops filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code in this Court; and

WHEREAS, on February 12, 2020, the Litigation Trustee commenced the Adversary Proceeding against Defendants; and

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Adversary Proceeding that the Parties may designate as confidential, including through informal requests or service of document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as

---

[1] The Debtors include Tops Holding II Corporation; Tops MBO Corporation; Tops Holding LLC; Tops Markets, LLC; Tops Markets II Corporation; Tops PT, LLC; Tops Gift Card Company, LLC; Erie Logistics LLC; and TM1, LLC.

2

provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") (Federal Rules, Bankruptcy Rules, and Local Rules, collectively, "Rules"); and

WHEREAS, certain persons or entities other than the Parties may produce information with respect to the Adversary Proceeding, including in response to subpoenas and Discovery Requests served by the Parties, and those persons or entities may designate information as confidential, including information that has been designated previously as confidential by other persons, if they execute the Declaration (all persons or entities other than the Parties who may produce information with respect to the Adversary Proceeding are referred to herein individually as a "Non-Party" and collectively as "Non-Parties"); and

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party or Non-Party Signatory seeks to maintain as confidential, the Court hereby orders:

**Scope of Protective Order**

1.  This Protective Order applies to all information, documents and things exchanged in or subject to discovery that is produced in this Adversary Proceeding, either by a Party or a Non-Party Signatory (each a "Producing Party"), to any other Party or Non-Party Signatory (each a "Receiving Party"), formally or informally in connection with any subpoena or Discovery Request, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced

3

(including documents, information and things produced to a Receiving Party for inspection and documents, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material") that is Designated Material (defined below).

2. Any Party or its counsel serving a subpoena upon a Non-Party, or who has served a subpoena upon a Non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Protective Order and instruct the Non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in the Adversary Proceeding produced pursuant to such subpoena according to the provisions herein if the Non-Party recipient executes the Declaration.

3. All deadlines stated herein shall be computed pursuant to Bankruptcy Rule 9006.

**Designating Discovery Material**

4. Any Producing Party may designate Discovery Material it produces as "Confidential Material" in accordance with the following provisions:

  a. Confidential Material: A Producing Party may designate Discovery Material it produces as "Confidential" if such Producing Party believes in good faith that such Discovery Material constitutes or includes information that: has not been made public and that the Producing Party would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) and Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential (such Discovery Material, "Confidential Material").

  b. Highly Confidential Material: A Producing Party may designate Discovery Material it produces as "Highly Confidential" if such Producing Party believes in good faith that such Discovery Material constitutes or includes information that: has not been made public and

4

      that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 9 of this Protective Order, such as trade secrets, sensitive financial or business information, documents or information that contain personally identifiable financial information and nonpublic personal information of individuals, and only to the extent that the Producing Party believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted; or the Producing Party is under a preexisting obligation to a third-party to treat the Discovery Material as Highly Confidential (such Discovery Material, "<u>Highly Confidential Material</u>" and together with Confidential Material, "<u>Designated Material</u>").

   c.  <u>Undesignated Material</u>: Subject to the rights and obligations of the Parties and Non-Party Signatories under Paragraphs 7, 20, and 21 of this Protective Order, no Receiving Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material (such Discovery Material, "<u>Undesignated Material</u>").

5.  <u>Pre-Protective Order Discovery Material</u>: Discovery Material that was provided to the Litigation Trustee, or the Unsecured Creditors Committee in the bankruptcy proceeding of the Debtors, that is in the possession of any of the Parties on the date of this Protective Order, and that was designated as Confidential or Highly Confidential by the Producing Party, shall be treated as Confidential Material or Highly Confidential Material, respectively, as those terms are defined in this Protective Order, and be subject to the provisions of this Protective Order, except to the extent such designations have been explicitly waived in writing by, or such Discovery Material has been previously made public by or with the express written permission of, such Discovery Material's Producing Party. For the avoidance of doubt, the provisions in Paragraph 20 below regarding Misdesignated Material shall apply to such Discovery Material.

6.  <u>Manner of Designation</u>: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the

5

content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Highly Confidential."

## Use and Disclosure of Designated Material

7.  <u>General Limitations on Use and Disclosure of Designated Material</u>:  All Designated Material shall be used by the Receiving Parties solely for the purposes of the Adversary Proceeding and in any judicial proceeding relating to the Adversary Proceeding or these Chapter 11 cases, and solely to the extent reasonably necessary, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

8.  <u>Confidential Material</u>:  Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

    a.    the Parties;

    b.    the Non-Party Signatories;

    c.    the members of the Oversight Committee of the Tops Holding Litigation Trust;

    d.    the United States Trustee;

    e.    experts and consultants (and their respective staff) who are retained by the Parties to this Protective Order in connection with the Adversary Proceeding;

    f.    any actual or potential witness in the Adversary Proceeding where such Confidential Material is determined by counsel in good faith to be necessary to the anticipated or actual subject matter of testimony;

6

    g.    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

    h.    any person who is reasonably determined by counsel in good faith to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof;

    i.    outside counsel, and staff working under the express direction of such counsel, for the persons and entities listed in 8(a) through (h);

    j.    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Adversary Proceeding;

    k.    any insurers of the Receiving Party to whom disclosure is reasonably necessary for this Adversary Proceeding;

    l.    court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Adversary Proceeding;

    m.    the Court, its officers and clerical staff in any judicial proceeding that may result from the Adversary Proceeding;

    n.    any government agency (other than the U.S. Trustee), internal or external auditor or regulatory body or authority having authority to regulate or oversee any aspects of the Receiving Party's business or that of its affiliates, if required by any applicable statute, law, rule or regulation, subpoena, civil investigative demand or similar demand, or request, provided that (i) the Receiving Party will provide the Producing Party with prior written notice of any such request or requirement (unless such notice is prohibited by applicable law) so that the Producing Party may seek a protective order or other appropriate remedy, and (ii) the Receiving Party advises such recipient of the confidential nature of the information disclosed and requests confidential treatment thereof;

    o.    any mediators and their staffs retained in connection with the Adversary Proceeding; and

    p.    any other person or entity with respect to whom the Producing Party may consent in writing.

9.    <u>Highly Confidential Material</u>: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only

7

to the following:

    a. the Litigation Trustee;

    b. the members of the Oversight Committee of the Tops Holding Litigation Trust to the extent counsel to the Litigation Trustee proposes to the Litigation Trustee to include such Highly Confidential Material in a filing under seal in the Adversary Proceeding;

    c. outside counsel, and staff working under the express direction of such counsel for the entities listed in Paragraph 8(a)-(h);

    d. experts and consultants (and their respective staff) who are retained by the Parties to this Protective Order in connection with the Adversary Proceeding;

    e. any actual or potential witness in the Adversary Proceeding where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated or actual subject matter of testimony;

    f. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

    g. any person who is reasonably determined by counsel in good faith to have been an author and/or previous recipient of the Highly Confidential Material, but is not identified on the face thereof;

    h. outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Adversary Proceeding;

    i. any insurers of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    j. court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Adversary Proceeding;

    k. the Court, its officers and clerical staff in any judicial proceeding that may result from the Adversary Proceeding;

    l. mediators and their staffs retained in connection with the Adversary Proceeding; and

    m. any other person or entity with respect to whom the Producing Party may consent in writing.

10. <u>Prerequisite to Disclosure of Designated Material:</u> Before any person or company

identified in Paragraphs 8(c), 8(e), 8(j)-(k), or 9(b), 9(d), 9(h)-(i) is given access to Designated Material, if permitted by the above rules, such person or company shall be provided with a copy of this Protective Order and shall execute a Declaration, in the form provided as **Exhibit A** or **Exhibit B** hereto.  Before any person or entity identified in Paragraphs 8(f)-(h) and 9(e)-(g) is given access to Designated Material, such person or company shall be provided with a copy of this Protective Order and shall be asked to execute a Declaration, in the form provided as **Exhibit A** or **Exhibit B** hereto, and shall be instructed that the Designated Material is subject to this Protective Order and may not be shared with anyone except as permitted by the Protective Order.  Each executed Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material.  Such executed Declarations shall not be subject to disclosure under the Rules unless a showing of good cause is made and the Court so orders.

11. <u>Sealing of Designated Material Filed with or Submitted to Court</u>:

   a. Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file ("<u>Filing Party</u>") with the Court shall be redacted and filed with the Court under temporary seal.  Only those portions of pleadings, documents, or other papers (or attachments thereto) that contain Designated Material may be filed under temporary seal.  To file pleadings, documents or other papers (or attachments thereto) with the Court under temporary seal, parties shall file the pleadings, documents or other papers (or attachments thereto) on the Court's electronic docket in redacted form.  In accordance with the Court's sealing rules, the Filing Party shall email Chambers both a copy of (a) the relevant pleading or exhibit in redacted form and (b) the un-redacted form, marked as "Filed Under Temporary Seal – Subject to the Parties' Protective Order" and copy counsel to the Parties and the Producing Party.

   b. Any Filing Party filing with the Court pleadings, documents or other papers (or attachments thereto) containing Designated Material under the temporary seal shall serve un-redacted copies on counsel to the Parties and the Producing Party.

9

   c. Unless the Producing Party provides written notice to the Filing Party and the Court within fourteen (14) days of the date on which the Producing Party received the service pursuant to subsection (b) above that it wishes to maintain the sealing and the basis therefor, the Filing Party shall file a notice with the Court advising the Court that the pleading, document or other paper (or attachments thereto) does not meet the requirements for sealing under 11 U.S.C. § 107(b) and requesting that the temporary seal be lifted and the pleadings, documents or other papers (or attachments thereto) provided be filed by the Clerk on the Court's electronic docket. The Filing Party shall assist the Clerk in any way requested to ensure that the temporary seal is lifted and that the public has access to the un-redacted documents.

  12. <u>Use of Discovery Material in Open Court</u>: The limitations on disclosure in this Protective Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 72 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the applicable Rules. If the Parties and the Producing Party are unable to resolve a dispute related to such Designated Material, then the Producing Party bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

**Depositions**

  13. <u>Deposition Testimony – Manner of Designation</u>: In the case of depositions, if

10

counsel for a Party or Non-Party believes that a portion of the testimony given should be Designated Material of such Party or Non-Party, such testimony may be designated as appropriate by:

    a. Stating so orally on the record and requesting that the relevant portion(s) of the testimony is so designated; or

    b. Providing written notice within fourteen (14) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated. Until expiration of the aforesaid fourteen (14) day period following receipt of the transcript by the Parties or Non-Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise agreed on the record at the deposition.

14. <u>Designated Material Used as Exhibits During Depositions</u>: Nothing in Paragraph 13 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

15. <u>Witness Review of Deposition Testimony</u>: Nothing in Paragraph 13 shall preclude the witness from reviewing his or her deposition transcript.

16. <u>Presence of Persons During Deposition Testimony</u>: Anyone who wishes to attend a deposition at the time Designated Material is discussed or shown must become subject to this Protective Order prior to such deposition by executing the Declaration, unless this Protective Order permits that person to view Designated Material without executing the Declaration. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall, upon request, be excluded from the portion of the deposition so designated.

17. <u>Responsibilities and Obligations of Court Reporters</u>: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, whose employer shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the

cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## General Provisions

18. This Protective Order is a procedural device intended to protect Discovery Materials designated as Confidential or Highly Confidential. Nothing in this Protective Order shall affect any Party's or Non-Party Signatory's rights or obligations unrelated to the confidentiality of Discovery Materials.

19. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or Non-Party Signatory of any objection, including but not limited to, any objection concerning the right to object to any discovery request, or any right to object to the admissibility of evidence on any ground.

20. <u>Late Designation of Discovery Material</u>: The failure of a Producing Party to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production in this Adversary Proceeding shall not operate to waive a Producing Party's right to later so designate such Discovery Material as Designated Material or later apply another designation pursuant to this Protective Order ("<u>Misdesignated Material</u>"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material (including any Misdesignated Material provided by the Receiving Party to persons not permitted to receive

Confidential Materials or Highly Confidential Materials, as applicable) and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Receiving Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Receiving Party shall be bound by such later designation except to the extent agreed to by the Receiving Party or determined by the Court upon motion of the Producing Party that failed to make the designation.

21. <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Protective Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Protective Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the

disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

22. <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Confidential Material or Highly Confidential Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Protective Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Discovery Materials marked as "Confidential" or "Highly Confidential" shall continue to be treated as Confidential Material or Highly Confidential Material as applicable.

23. <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a designation of "Confidential" or "Highly Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at trial.

24. <u>Inadvertent Production of Privileged Discovery Material</u>: This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Materials which a Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>") will not by itself

14

constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from a Receiving Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any portion of any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefor in writing within ten (10) days of receipt of the Producing Party's notification. Other than for an in camera review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved. The Producing and Receiving Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Producing and Receiving Parties cannot resolve their dispute, either such party may seek a determination from the Court whether the privilege applies. The Producing Party must preserve the Inadvertently Produced Privileged Information and the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose other than submitting it to the Court for in camera review until the dispute is resolved.

25. <u>Obligations Following Conclusion of the Adversary Proceeding</u>: Within 90 days of the later of the conclusion of the Adversary Proceeding, including all appeals as to all

15

Parties, all Receiving Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, written discovery, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided, that such retained documents will continue to be treated as provided in this Protective Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Protective Order shall remain binding.

26. <u>Continuing Applicability of the Protective Order</u>: The provisions of this Protective Order shall survive the conclusion of the Adversary Proceeding for any retained Designated Material. The final conclusion of the Adversary Proceeding shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Protective Order, and the Court shall retain jurisdiction to enforce the terms of this Protective Order.

27. <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Protective Order at any time or the Parties may agree by written stipulation, subject to

further order of the Court if applicable, to amend the provisions of the Protective Order.

28. <u>Disclosure of Designated Material in Other Proceedings</u>: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of Designated Material: (a) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (b) after the Producing Party has had such opportunity to appear and be heard, in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

29. <u>Use of Designated Material by Producing Party</u>: Nothing in this Protective Order affects the right of any Producing Party to use or disclose its own Designated Material in any way.

30. <u>Obligations of Parties</u>: Nothing herein shall relieve any party or person of its obligations under the Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to subpoenas or Discovery Requests in connection with the Adversary Proceeding.

31. <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Adversary Proceeding and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions

17

or procedures set forth herein.

32.  <u>Enforcement</u>:  The provisions of this Protective Order constitute an Order of this Court and violations of the provisions of this Protective Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

Dated:  December 4, 2020

    White Plains, NY

<u>/s/Robert D. Drain</u>
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

## **DECLARATION OF ACKNOWLEDGMENT**
## **AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER BY COMPANY**

I, _____ [full name], of

_____ [name of company] (the "Company"), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Protective Order") relating to the Adversary Proceeding and am authorized to sign this Declaration on behalf of the Company. All capitalized terms not otherwise defined in this Declaration have the meaning ascribed to them in the Protective Order.

The Company agrees to comply with and to be bound by all the terms of the Protective Order and understands and acknowledges that failure to so comply could expose the Company to sanctions and punishment in the nature of contempt. The Company agrees not to disclose in any manner any Confidential Material or Highly Confidential Material that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

The Company further agrees to submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Protective Order.

Date: _____

Printed name: _____

Signature: _____

**Exhibit B**

## DECLARATION OF ACKNOWLEDGMENT
## AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER BY INDIVIDUAL

I, _____ [full name], of _____ [name of company], declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Protective Order") relating to the Adversary Proceeding. All capitalized terms not otherwise defined in this Declaration have the meaning ascribed to them in the Protective Order.

I agree to comply with and to be bound by all the terms of the Protective Order and understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree not to disclose in any manner any Confidential or Highly Confidential Material that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Protective Order.

Date: _____

Printed name: _____

Signature: _____