**GREENBERG TRAURIG, LLP**
Louis Smith, Esq.
Alan Brody, Esq.
Rebecca Zisek, Esq.
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone:      (973) 360-7900
Facsimile:      (973) 301-8410
Email: SmithLo@gtlaw.com
        BrodyA@gtlaw.com
        Rebecca.Zisek@gtlaw.com
*Attorneys for Defendants HSBC Equity Partners*
*USA, L.P. and HSBC Private Equity Partners II USA LP*

**UNITED STATES BANKRUPTCY DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>TOPS HOLDING II CORPORATION, *et al.*,<br><br>　　　　　Debtors. | Chapter 11<br><br>Bankruptcy Case No. 18-22279 (SHL)<br>(Jointly Administered) |
| ALAN D. HALPERIN, AS THE LITIGATION TRUSTEE FOR THE TOPS HOLDING LITIGATION TRUST,<br><br>　　　　　Plaintiff,<br>-against-<br><br>MORGAN STANLEY INVESTMENT MANAGEMENT INC., *et al.*<br><br>　　　　　Defendants. | Adv. Pro. No. 20-08950 (DSJ) |

---

**DEFENDANTS HSBC EQUITY PARTNERS USA, L.P. AND HSBC PRIVATE EQUITY PARTNERS II USA LP'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

---

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................1

STANDARD OF REVIEW ...............................................................................3

ARGUMENT ............................................................................................3

    I.     THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT ON
         THE HSBC DEFENDANTS' § 546(e) DEFENSE ...............................................3

    II.    THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT ON
         DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE .............................7

    III.   THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT ON
         ALL MISCELLANEOUS ASSERTED DEFENSES ...........................................7

    IV.   THE HSBC DEFENDANTS DID NOT WAIVE ANY AFFIRMATIVE
         DEFENSES ..........................................................................................8

         A.     The HSBC Defendants Timely Responded and Objected to the
             Trustee's Interrogatories and the Trustee Failed to Take Any
             Action ................................................................................. 8

         B.     The Trustee Has Waived Any Challenge to HSBC's Interrogatory
             Responses ........................................................................... 11

         C.     The Trustee's Interrogatories Were Improper ......................... 12

         D.     The Trustee Provides No Support for the Relief he Seeks ....................... 15

         E.     The Trustee Has Not Been Harmed or Suffered Prejudice...................... 16

CONCLUSION.............................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Corp. v. Atos IT Sols. & Servs.*,
2025 U.S. Dist. LEXIS 9813 (S.D.N.Y. Jan. 21, 2025) ........................................13

*In re Bernard L. Madoff Inv. Sec. LLC*,
773 F.3d 411 (2d Cir. 2014)..............................................................................2, 6

*Clean Earth Remediation & Constr. Servs., Inc. v. Am. Int'l Grp., Inc.*,
245 F.R.D. 137 (S.D.N.Y. 2007) ...........................................................................14

*Dixon v. City of Syracuse*,
2024 U.S. Dist. LEXIS 168668 (N.D.N.Y. Sept. 18, 2024) ...................................15

*Dot Com Entertainment Grp., Inc. v. Cyberbingo Corp.*,
237 F.R.D. 43 (W.D.N.Y. 2006) ............................................................................14

*Fishon v. Peloton Interactive, Inc.*,
2021 U.S. Dist. LEXIS 171325 (S.D.N.Y. Sept. 9, 2021).....................................13

*Holliday v. Credit Suisse Sec. (USA) LLC*,
2021 U.S. Dist. LEXIS 173359 (S.D.N.Y. Sept. 10, 2021).....................................6

*Holliday v. Credit Suisse Sec (USA) LLC (In re Boston Generating LLC)*,
2024 U.S. App. LEXIS 23800 (2d. Cir. Sept. 19, 2024) .....................................2, 6

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
2020 WL 6290584 (S.D.N.Y. Oct. 27, 2020) ..................................................11, 13

*Linde v. Arab Bank, PLC*,
2012 WL 957970 (E.D.N.Y. Mar. 21, 2012).........................................................13

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
547 U.S. 71 (2006).................................................................................................6

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
117 F. Supp. 3d 276 (S.D.N.Y. 2015)..............................................................15, 16

*Pasternak v. Dow Kim*,
2011 U.S. Dist. LEXIS 113998 (2011)...................................................................13

*Ritchie Risk-Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
273 F.R.D. 367 (S.D.N.Y. 2010) ...........................................................................14

*Unigene Labs., Inc. v. Apotex, Inc.*,
2010 WL 2730471 (S.D.N.Y. July 6, 2010), *aff'd*, 655 F.3d 1352 (Fed. Cir.
2011) ...............................................................................................................14, 16

*Wechsler v. Hunt Health Sys.*,
1999 WL 672902 (S.D.N.Y. Aug. 25, 1999)......................................................15, 16

**Statutes**

11 U.S.C. § 502(h) ..........................................................................................................7

11 U.S.C. § 546(e) ................................................................................................. *passim*

**Other Authorities**

Fed. R. Bankr. P. 7033 .................................................................................................16

Fed. R. Bankr. P. 7037 .................................................................................................11

Fed. R. Civ. P. 30(b)(6) ...............................................................................................17

Fed. R. Civ. P. 33(b)(2) .................................................................................................8

Fed. R. Civ. P. 33(b)(4) ...............................................................................................16

Fed. R. Civ. P. 37(a) ....................................................................................................11

Fed. R. Civ. P. 37(c)(1) ...............................................................................................16

Local Bankr. Rule 7033-1 ................................................................................12, 13, 16

Local Bankr. Rule 7056-1(b) ..........................................................................................1

SEC Rule § 10(b) ...........................................................................................................6

SEC Rule § 10b-5 ...........................................................................................................6

The HSBC Defendants[1] respectfully submit this memorandum of law in opposition to the Trustee's Motion for Summary Judgment (ECF No. 242) ("Trustee's Motion").  As set forth herein, the HSBC Defendants join in and adopt the papers submitted today by the Morgan Stanley Defendants in opposition to the Trustee's Motion.

## PRELIMINARY STATEMENT

The HSBC Defendants join in and adopt the "Preliminary Statement" contained in the memorandum of law submitted today by the Morgan Stanley Defendants in opposition to the Trustee's Motion ("MS Opposition Brief") and otherwise state the following.

As set forth in HSBC's and the Morgan Stanley Defendants' Motions for Summary Judgment, the Safe Harbor Dividends are covered by Bankruptcy Code § 546(e)'s safe harbor and cannot be avoided.  *See* HSBC Mov. Br. at 5-8; MS Mov. Br. at 19-34.  For the same reasons why the HSBC Defendants are entitled to summary judgment on this defense, the Court should deny the Trustee's Motion.  The undisputed evidence adduced in discovery establishes that the HSBC Defendants qualify as "financial institutions" under § 546(e), because: Tops issued notes pursuant to NPAs (undisputed "securities contracts") and used the proceeds of those notes to fund dividend payments to its shareholders (the Safe Harbor Dividends); the HSBC Defendants were customers of HBUS, a nationally chartered bank; the HSBC Defendants received the Safe Harbor Dividends

---

[1] Capitalized terms not otherwise defined herein have the meaning set forth in the brief submitted in support of the HSBC Defendants' Motion for Summary Judgment (ECF No. 236-1), which is referred to herein as "HSBC Mov. Br.".  The brief filed in support of the Morgan Stanley Defendants' Motion for Summary Judgment (ECF No. 234) is referred to herein as "MS Mov. Brief."  The brief filed in support of the Trustee's Motion (ECF No. 242-1) is referred to herein as "Trustee's Brief" or "Tr. Br."  Citations to "Trustee's SUMF" refers to the Trustee's Rule 7056-1(b) Statement of Undisputed Material Facts (ECF No. 242-2).  Citations to "HSBC's SUMF" are to the HSBC Defendants' Statement of Undisputed Material Facts (ECF No. 236-2).  Citations to "Dec. 2024 Smith Decl." are to the Declaration of Louis Smith, dated December 19, 2024 (ECF No. 236-12).  Citations to "Khan Decl." are to the Declaration of Irfan Khan, dated December 19, 2024 (ECF No. 236-3).

into their respective HBUS accounts; and HBUS acted as the HSBC Defendants' agent when it received and subsequently handled the Safe Harbor Dividend payments on the HSBC Defendants' behalf, pursuant to agreements that expressly created an agency relationship between them. This plainly satisfies § 546(e)'s "in connection with" requirement, which the Second Circuit has repeatedly stated "'sets a low bar for the required relationship between the securities contract and the transfer sought to be avoided.'" *See Holliday v. Credit Suisse Sec (USA) LLC (In re Boston Generating LLC)*, 2024 U.S. App. LEXIS 23800, at *8 n.2 (2d. Cir. Sept. 19, 2024) (hereinafter cited as "*Boston Generating III*") (quoting *In re Bernard L. Madoff Inv. Sec. LLC*, 773 F.3d 411, 421-22 (2d Cir. 2014)). The Trustee's strained interpretation of § 546(e) to require something more is unsupported, contrary to governing precedent, and should be rejected. For these reasons and the additional reasons set forth in the MS Opposition Brief, the Court should deny the Trustee summary judgment on the HSBC Defendants' § 546(e) defense.

As explained in the MS Opposition Brief, the Trustee also is not entitled to summary judgment on the HSBC Defendants' statute-of-limitations defense or the Miscellaneous Asserted Defenses addressed in the MS Opposition Brief.[2] The Trustee's Motion, to the extent based on these defenses, should be denied.

Finally, the Trustee's argument that the HSBC Defendants should be estopped from pursuing certain affirmative defenses because they allegedly "failed" to respond to the Trustee's purported contention interrogatories is disingenuous, unsupported, and should be rejected. Contrary to the Trustee's misleading characterization of what occurred, the Trustee served improper interrogatories that failed to comply with this Court's rules, the HSBC Defendants timely

---

[2] "Miscellaneous Asserted Defenses" has the meaning ascribed to it in the Trustee's Brief. *See* Tr. Br. at 2 n.2.

asserted valid objections to the Trustee's interrogatories, and the Trustee then failed to take any action in response to those objections. He never sought to meet and confer with the HSBC Defendants regarding their objections, never amended his interrogatories to address the HSBC Defendants' objections, and never moved to compel further responses to the interrogatories or otherwise raised the HSBC Defendants' objections with the Court. In fact, the Trustee never mentioned the HSBC Defendants' responses to his interrogatories at all until more than eight months after they were served when he presented the Court with his intended motion for summary judgment. The Trustee has thus waived any challenge to the HSBC Defendants' interrogatory responses. Additionally, and in any event, the Interrogatories were improper and objectionable, and the Trustee has had sufficient notice of the HSBC Defendants' defenses and was able to address those defenses through written and document discovery and deposition testimony. The Trustee's baseless effort to estop the HSBC Defendants from pursuing their defenses under these circumstances should be rejected entirely.

For all these reasons, the Court should deny the Trustee's Motion.

## STANDARD OF REVIEW

The HSBC Defendants join in and adopt the "Standard of Review" section of the MS Opposition Brief.

## ARGUMENT

### I.    THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE HSBC DEFENDANTS' § 546(e) DEFENSE

As set forth in Argument Section I of the MS Opposition Brief, which HSBC joins in and adopts, the Court should deny the Trustee summary judgment on the HSBC Defendants' § 546(e) defense. In addition to the points set forth in this section of the MS Opposition Brief, the HSBC Defendants qualify as "financial institutions" under § 546(e).

3

The HSBC Defendants' Summary Judgment Motion demonstrates that the undisputed evidence adduced through discovery establishes that (i) the HSBC Defendants were "customers" of HBUS, a nationally chartered bank; and (ii) HBUS acted as the HSBC Defendants' agent "in connection with a securities contract," thus qualifying the HSBC Defendants as "financial institutions" within the meaning of § 546(e). *See* HSBC Mov. Br. at 5-8. The Trustee does not dispute (i), but argues that HBUS did not act as the HSBC Defendants' agent "in connection with a securities contract." *See* Tr. Br. at 21-23.[3] He is wrong as a matter of law.

It is undisputed that HSBC I and HSBC II each had bank accounts with HBUS that were governed by ISAs. *See* HSBC's SUMF ¶¶ 7, 15; Khan Decl. ¶¶ 3-4, Exs. A, B. Pursuant to the ISAs, HBUS was designated to act as the HSBC Defendants' agent in connection with the funds deposited into the HSBC Accounts. *See* HSBC's SUMF ¶¶ 8, 16; Khan Decl. ¶ 5, Exs. A, B. Specifically, HBUS was "authorized as agent to invest on behalf of [the HSBC Defendants] on an overnight/next business day basis any Excess Balance in" the HSBC Accounts. *See* HSBC's SUMF ¶¶ 8, 16; Khan Decl., Exs. A, B. Accordingly, at the end of each business day, HBUS would sweep the funds in the HSBC Accounts into another interest-bearing account where the funds could earn interest overnight. *See* Khan Decl. ¶ 5. The ISAs each state repeatedly that HBUS was acting as the HSBC Defendants' "agent" in connection with the funds deposited into the HSBC Accounts. *See* Khan Decl., Exs. A, B.

It is also undisputed that the HSBC Defendants' respective Safe Harbor Dividend payments were deposited into the HSBC Accounts (*see* HSBC's SUMF ¶¶ 9, 11, 13, 17, 19, 21; Khan Decl.

---

[3] The Trustee also makes a passing reference that "HSBC failed to respond to the Trustee's interrogatory seeking evidence and contentions related to its Section 546(e) Defense, so it has waived the defense and should be precluded from presenting any factual issues at this stage." *See id.* at 22. This meritless contention should be rejected for the reasons set forth in Argument Section IV, *infra.*

¶¶ 6-7, 9-10, 12-13, Exs. C-H) and that, in its role as "agent," HBUS received and handled those payments in accordance with the terms of the ISAs.  Indeed, at the end of each business day on which the HSBC Defendants received the Safe Harbor Dividend payments, HBUS executed a sweep transfer of the funds in the HSBC Accounts, including funds from the Dividend payments, as it was "authorized as an agent" to do under the ISAs.  *See* HSBC's SUMF ¶¶ 10, 12, 14, 18, 20, 22; Khan Decl. ¶¶ 8, 11, 14, Exs. C-H.

Finally, it is undisputed that Tops, in connection with each of the Safe Harbor Dividends, sold notes pursuant to NPAs and the proceeds of those notes were used (at least in part) to fund the Safe Harbor Dividend payments that were made to the HSBC Defendants and other shareholders of Tops.  *See* MS Mov. Br. at Argument Section I.B.  As the NPAs constitute "securities contracts" under § 546(e), *id.*, HBUS acted as the HSBC Defendants' agent "in connection with" those securities contracts when it received and handled the HSBC Defendants' Safe Harbor Dividend payments (which were the proceeds of the notes sold through those securities contracts) on the HSBC Defendants' behalf.

The Trustee contends that the unequivocal agency relationship between HBUS and the HSBC Defendants created by the ISAs is insufficient under § 546(e), because it "has nothing to do with the Dividends" or the "Notes Offerings" and instead was limited to "post-transfer investment activity unrelated to the challenged transfer."  *See* Tr. Br. at 23.  The Trustee also argues that, because there is "nothing in the [ISAs] that show[] that HSBC assented or [HBUS] accepted a role in connection with the Notes Offerings or took any acts in connection with the Notes Offerings," HBUS did not act as the HSBC Defendants' agent "in connection with" the Notes Offerings.  *Id.* at 22-23.  The Trustee's argument fails.

5

Notably, the Trustee is not disputing the existence of an agency relationship between HBUS and the HSBC Defendants, nor is he disputing that the NPAs (or "Notes Offerings") are securities contracts under § 546(e). His entire argument is thus based on a purported failure to satisfy the "in connection with" requirement. This argument is unsupported and contrary to governing law. The Second Circuit has repeatedly stated that § 546(e)'s "in connection with" requirement should be interpreted broadly, as it "'sets a low bar for the required relationship between the securities contract and the transfer sought to be avoided'" and includes any transaction that is merely "related to" or "associated with" a securities contract. *See Boston Generating III*, 2024 U.S. App. LEXIS 23800, at *8 n.2 (quoting *Madoff*, 773 F.3d at 421-22); *cf. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 72, 85 (2006) (it is "enough that the fraud alleged 'coincide' with a securities transaction" for it to satisfy the "in connection with" requirement under §§ 10(b) and 10b-5 of the Securities and Exchange Act). Although the Trustee would like there to be, there is "no requirement that a financial institution be identified in a securities contract for it to serve as an agent of the customer." *Holliday v. Credit Suisse Sec. (USA) LLC*, 2021 U.S. Dist. LEXIS 173359, at *24 (S.D.N.Y. Sept. 10, 2021).

There is no reasonable dispute that "the transfer[s] sought to be avoided"—the Safe Harbor Dividends—were "associated with" and "related to" to the NPAs and resulting proceeds that were used (at least in part) to fund the Safe Harbor Dividends. Accordingly, the evidence indisputably demonstrates that HBUS acted as the HSBC Defendants' agent "in connection with" a securities contract when it received the HSBC Defendants' Safe Harbor Dividend payments into their respective HBUS accounts and subsequently handled those funds on the HSBC Defendants' behalf, in accordance with the agreements governing the accounts. The HSBC Defendants are therefore entitled to summary judgment on the Trustee's Fraudulent Transfer Claims based on the

Safe Harbor Dividends. The Trustee's tortured effort to narrowly construe § 546(e)'s "in connection with" requirement to avoid this result is unsupported and should be rejected. The Court should deny the Trustee summary judgment on the HSBC Defendants' § 546(e) defense and, instead, dismiss Counts I, III, IV, V, VII, and VIII against the HSBC Defendants with prejudice.

## II. THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT ON DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE

For the reasons set forth in Argument Section II of the MS Opposition Brief, which the HSBC Defendants join in and adopt, the Court should deny the Trustee summary judgment on the HSBC Defendants' statute-of-limitations defense.

## III. THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT ON ALL MISCELLANEOUS ASSERTED DEFENSES

For the reasons set forth in Argument Section III of the MS Opposition Brief, which the HSBC Defendants join in and adopt, the Court should refuse to grant the Trustee summary judgment against the HSBC Defendants on the Miscellaneous Asserted Defenses addressed in this section of the MS Opposition Brief. The HSBC Defendants have elected to withdraw their additional Miscellaneous Asserted Defenses that the Morgan Stanley Defendants either did not assert or have withdrawn—unclean hands (Seventh Affirmative Defense), waiver (Seventh Affirmative Defense), estoppel (Seventh Affirmative Defense), good faith (Sixth Affirmative Defense), *in pari delicto* (Twelfth Affirmative Defense), setoff (Tenth Affirmative Defense), *res judicata* (Seventh Affirmative Defense), non-debtor property (Eleventh Affirmative Defense), failure to preserve creditors' rights under § 502(h) of the Bankruptcy Code (Ninth Affirmative Defense), failure to mitigate (Thirteenth Affirmative Defense), and ratification (Seventh Affirmative Defense).

IV.    **THE HSBC DEFENDANTS DID NOT WAIVE ANY AFFIRMATIVE DEFENSES**

Finally, the Trustee misleadingly contends that the HSBC Defendants "refused to respond" to the Trustee's purported "contention interrogatories seeking the bases for" certain affirmative defenses and argues the HSBC Defendants are now "estopped from asserting" those affirmative defenses. *See* Tr. Br. at 3-4, 22, 40-42. This argument is completely baseless and should be rejected.

A.     **The HSBC Defendants Timely Responded and Objected to the Trustee's Interrogatories and the Trustee Failed to Take Any Action**

As an initial matter, the Trustee's contention that the HSBC Defendants "failed" or "refused" to respond to the Trustee's purported contention interrogatories is not only incorrect; it is a blatant mischaracterization of what occurred. On November 22, 2023, the Trustee served all defendants[4] with a Second Set of Interrogatories. *See* Declaration of Louis Smith, dated February 7, 2025 ("Smith Decl.") ¶ 2. Interrogatory Nos. 1-4, 6-9, 11, and 13-21 in the Trustee's Second Set of Interrogatories were directed to the HSBC Defendants (collectively, "Interrogatories"). *Id.* On December 22, 2023, the HSBC Defendants timely served written responses and objections to the Interrogatories ("R&Os"). *Id.* ¶ 3.[5] In the R&Os, the HSBC Defendants asserted numerous objections to the Interrogatories and, in response to each of the Interrogatories, stated: "HSBC will not respond to this Interrogatory based on" the stated objections. Smith Decl. ¶ 3; *see also* ECF No. 242-38 (Exhibit 35 to the Trustee's SUMF). The HSBC Defendants invited a discussion with the Trustee, stating in the introductory paragraph of the R&Os: "HSBC is willing to meet and

---

[4] The following defendants were served with the Trustee's Second Set of Interrogatories: the MS Defendants, the HSBC Defendants, Turbic Inc., and Greg Josefowicz and Stacey Rauch (collectively, "Defendants").

[5] The HSBC Defendants responded to the Interrogatories within 30 days of service, as required by Fed. R. Civ. P. 33(b)(2) and Fed. R. Bankr. P. 7033.

confer with the Trustee with respect to the Interrogatories and the Responses and Objections."
Smith Decl. ¶ 4; ECF No. 242-38.

All Defendants served with the Trustee's Second Set of Interrogatories largely took the
same approach, objecting to the interrogatories served upon them and not responding to the
interrogatories on the basis of those objections.  Smith Decl. ¶ 3; *see also* ECF Nos. 242-37, -39,
-40 (Exhibits 34, 36, and 37 to the Trustee's SUMF).  However, the Trustee apparently sought
only to confer with the Morgan Stanley Defendants regarding their responses and objections to the
Trustee's interrogatories. *See* Trustee's SUMF at ¶ 47; ECF No. 242-41 (Exhibit 38 to Trustee's
SUMF).  This apparently prompted the Morgan Stanley Defendants to supplement their
interrogatory responses.  *See* Trustee's SUMF at ¶ 48; ECF No. 242-42 (Exhibit 39 to Trustee's
SUMF).  The Trustee's conduct in connection with the Morgan Stanley Defendants demonstrates
that he fully understood that, to the extent he took issue with the HSBC Defendants' R&Os, the
appropriate next step would be similarly to seek to confer with the HSBC Defendants regarding
their responses.  For reasons unknown, he did not do so.

The Trustee never sought to meet and confer with the HSBC Defendants regarding the
R&Os, nor did he ever otherwise respond to them.  Smith Decl. ¶ 4.  The Trustee has never served
amended interrogatories addressing the HSBC Defendants' objections to the Interrogatories, nor
has he filed a motion to compel the HSBC Defendants to further respond to the Interrogatories or
otherwise raised an issue with the HSBC Defendants' R&Os with the Court.  *Id.* ¶ 5.  To the
contrary, in several status conferences with the Court following the HSBC Defendants' service of
the R&Os, the Trustee did not raise any issue with, or otherwise mention, the HSBC Defendants'
R&Os.  Instead, at a February 1, 2024 status conference, which was more than a month after the
HSBC Defendants served the R&Os, counsel for the Trustee represented to the Court:

> [T]here's some clean-up that's going on in terms of fact discovery, but nothing that, you know, we need to raise with you. It seems like all that stuff is going smoothly, just for example, things I haven't mentioned before. You know, the parties have exchanged written discovery. Responses are being drafted and exchanged…. But you know, nothing you know, that – that's a dispute, or to tee up for you. And you know, things seem to be going smoothly. And if there is an issue, we'll let you know, but you know, we're working hard to avoid that, and don't anticipate that at the moment.

*See* ECF No. 179. Counsel for the Trustee did not raise any issue with, or otherwise mention, the HSBC Defendants' R&Os during this conference. *Id.* Then, at a June 28, 2024 status conference, which was more than six months after the HSBC Defendants served the R&Os, counsel for the Trustee represented to the Court that "[w]e completed fact discovery." *See* ECF No. 190. Again, counsel for the Trustee did not raise any issue with, or otherwise mention, the HSBC Defendants' R&Os during this conference. *Id.* The Parties again appeared before the Court for a status conference on August 6, 2024, and, once again, counsel for the Trustee did not raise any issue with, or otherwise mention, the HSBC Defendants' R&Os during this conference. *See* ECF No. 195.

In fact, the Trustee made no mention of the R&Os whatsoever until eight months later, when he filed his August 27, 2024 letter requesting a pre-motion conference regarding his intended motion for summary judgment. Smith Decl. ¶ 4; *see* ECF No. 200. In this letter, the Trustee took issue with the R&Os for the first time, arguing that the HSBC Defendants (as well as Defendants Turbic Inc., Greg Josefowicz, and Stacey Rauch) waived certain affirmative defenses because they "failed to cite any evidence supporting" the defenses in response to the Trustee's Second Set of Interrogatories. *Id.*

As demonstrated by the foregoing, the HSBC Defendants did not "fail" or "refuse" to respond to the Interrogatories. They timely served responses and objections to the Interrogatories, and the Trustee then failed to take any action in response to those objections. The Trustee's Brief

makes no mention of the fact that the HSBC Defendants objected to the Interrogatories, instead trying to portray the HSBC Defendants as having failed to respond to the Interrogatories at all. This is simply untrue.

**B.      The Trustee Has Waived Any Challenge to HSBC's Interrogatory Responses**

The Trustee has effectively raised a discovery dispute in the context of summary-judgment briefing, challenging the HSBC Defendants' R&Os for the first time.   As the Trustee has completely ignored and failed to follow the required procedures for bringing such a dispute before the Court, he should be found to have waived any ability to challenge the HSBC Defendants' R&Os at this belated stage of the case, approximately one year after they were served and 10 months after the close of fact discovery.

Consistent with the Local Rules of this Court, this Court's Chambers' Rules regarding Discovery Disputes provide that "discovery motions may not be filed until the parties have (a) conferred in an attempt to resolve the dispute and (b) participated in a conference with the Court." *See also* Fed. R. Civ. P. 37(a)[6] (authorizing motion to compel discovery and requiring submission of "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery"); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) ("If a party fails to answer a contention interrogatory, the opposing party may move to compel responses.").   The HSBC Defendants invited a meet-and-confer discussion in its R&Os.   Smith Decl. ¶ 4; ECF No. 242-38.   The Trustee never contacted the HSBC Defendants to pursue the meet-and-confer (as he did with the Morgan Stanley Defendants) and never raised any challenge to the objections asserted by the HSBC Defendants whatsoever.   Smith Decl. ¶¶ 4, 5.

---

[6] This rule is made applicable to this adversary proceeding through Fed. R. Bankr. P. 7037.

Moreover, while the parties appeared for several conferences before the Court after the HSBC Defendants had served their R&Os (including on February 1, June 28, and August 6, 2024), counsel for the Trustee at no point raised any issue with the HSBC Defendants' responses to the Interrogatories.  *See* ECF Nos. 179, 190, 195.  Indeed, at the June 28, 2024, conference, counsel for the Trustee stated to the Court that "[w]e completed fact discovery."  *See* ECF No. 190.

To raise issues with the HSBC Defendants' R&Os, the Trustee needed to address his concerns first with the HSBC Defendants and then with the Court.  Because he did neither, it is too late at this stage for him to raise arguments relating to the HSBC Defendants' R&Os in the context of his Summary Judgment Motion.

### C.    The Trustee's Interrogatories Were Improper

As stated above, the Trustee has waived any challenge to the R&Os.  In any event, however, the HSBC Defendants asserted multiple, valid objections to the Interrogatories.  Although the Trustee notes in passing that the HSBC Defendants raised that the Interrogatories (which the Trustee describes as "contention interrogatories," although they were not identified as such) were prematurely served (*see* Tr. Br. at 41), the Trustee completely omits that the HSBC Defendants raised additional objections that went to the substance of the Interrogatories themselves, including that they were overbroad and unduly burdensome as they improperly requested that the HSBC Defendants "[d]escribe in detail all facts supporting or refuting" certain affirmative defenses.  *See* ECF Nos. 242-36 and -38 (Exhibits 33 and 35 to the Trustee's SUMF).

The types of interrogatories that may be served in this Court, and the timing of when they may be served, are limited and prescribed by Court Rule.  Local Bankruptcy Rule 7033-1(a) "provides that interrogatories served at the commencement of discovery must be limited to seeking names of witnesses with knowledge o[r] information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and

general description of relevant documents." *AT&T Corp. v. Atos IT Sols. & Servs.*, 2025 U.S. Dist. LEXIS 9813, at *3 (S.D.N.Y. Jan. 21, 2025); *see also* Local Bankruptcy Rule 7033-1(b) (identifying other circumstances in which certain types of interrogatories may be served). While parties may serve "contention interrogatories" as provided for in the rules, the scope of such interrogatories is likewise limited. *See* Local Bankruptcy Rule 7033-1(c).

Here, the Trustee's Interrogatories were improper because they broadly sought a description "in detail" of "all facts supporting or refuting" certain of the HSBC Defendants' affirmative defenses. "The primary purpose of contention interrogatories … is to narrow the issues for trial." *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012). "In this District, … courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may sigh to offer concerning a given issue at trial." *Fishon v. Peloton Interactive, Inc.*, 2021 U.S. Dist. LEXIS 171325, at **3-4 (S.D.N.Y. Sept. 9, 2021) (citations and quotation marks omitted). "Thus courts do not typically compel responses to interrogatories that seek a catalog of *all facts* or *all evidence* that support a party's contentions," because "[s]uch interrogatories are not likely to narrow the issues." *Linde*, 2012 WL 957970, at *1 (emphasis added) (citing cases); *see also In re Keurig*, 2020 WL 6290584, at *4 (same).

Indeed, "[c]ontention interrogatories should be carefully tailored to obtain 'contentions'; they are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery. A party will not be required to go through documents already produced in order to explain what is 'obvious' …." *Fishon*, 2021 U.S. Dist. LEXIS 171325, at **4-5 (citation omitted). *See also Pasternak v. Dow Kim*, 2011 U.S. Dist. LEXIS 113998, at **8-9 (denying motion to compel responses to contention interrogatories where they requested that defendant "describe all the facts and produce all the

13

documents that support his principal allegations in his defense of the lawsuit" and finding that "contention interrogatories are not the proper means to ascertain which documents [a defendant] intends to use, or which witnesses he intends to call, to support his affirmative defenses at trial"); *Ritchie Risk-Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (contention interrogatories seeking "every fact" are "overly broad and unduly burdensome," as the party responding to interrogatories "should not be required to parse through documents that have already been produced to [the requesting party], which [the requesting party is] in a position to review [itself]"); *Clean Earth Remediation & Constr. Servs., Inc. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper"); *Dot Com Entertainment Grp., Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 44 (W.D.N.Y. 2006) (interrogatories "requir[ing] Defendants [to] provide the factual basis for [their] defense[s]" were not "contention interrogatories," because they did not "involve[] an opinion or contention that relates to fact or the application of law to fact"). The Trustee failed to tailor his purported contention interrogatories in the requisite manner, rendering them objectionable.

The Trustee's argument that the HSBC Defendants somehow failed to "supplement" their responses to address "their deficiencies" is completely baseless. *See* Tr. Br. at 41-42 (citing *Unigene Labs., Inc. v. Apotex, Inc.*, 2010 WL 2730471, at *6 (S.D.N.Y. July 6, 2010), *aff'd*, 655 F.3d 1352 (Fed. Cir. 2011)). The HSBC Defendants timely raised valid objections and expressly stated in response to each interrogatory that "HSBC will not respond to this Interrogatory based on" the stated objections. Smith Decl. ¶ 3; ECF No, 242-38. The responses by their express terms were complete. The Trustee never raised or pointed out any purported "deficiencies" to the HSBC Defendants, as he did with the Morgan Stanley Defendants. As the Trustee recognized when

14

addressing the Morgan Stanley Defendants' responses, the onus was on the Trustee to take action

in response to Defendants' objections to his interrogatories, but he indisputably failed to do so

with the HSBC Defendants.  The Trustee could have served amended interrogatories correcting

these infirmities or he could have taken the HSBC Defendants up on their invitation to meet and

confer regarding the Interrogatories and R&Os.  Instead, he did nothing.

### D.   The Trustee Provides No Support for the Relief he Seeks

Not one of the cases cited in the Trustee's Brief dealt with an analogous situation where

the responding party raised affirmative defenses in initial motion practice, and thereafter in a

pleading; asserted objections to interrogatories seeking a description "in detail" of "all facts"

supporting or refuting those defenses; and then was precluded from pursuing their defenses.

Accordingly, the cases on which the Trustee relies are simply beside the point.  *See, e.g.*, *Dixon v.*

*City of Syracuse*, 2024 U.S. Dist. LEXIS 168668, at **9-10 (N.D.N.Y. Sept. 18, 2024) (plaintiff

abandoned claims he originally asserted in the amended complaint but then did not include in

response to contention interrogatories, where he identified other claims); *In re Methyl Tertiary*

*Butyl Ether ("MTBE") Prods. Liab. Litig.*, 117 F. Supp. 3d 276, 290, 298 (S.D.N.Y. 2015) (party

estopped from pursuing vicarious liability theory where party "never pled any such theory of

liability" and never disclosed it in response to contention interrogatories).  And *Wechsler v. Hunt*

*Health Sys.*, 1999 WL 672902 (S.D.N.Y. Aug. 25, 1999), directly undermines the Trustee's

position.  In that case, "the parties appeared at a discovery conference" in order to address

"concerns regarding alleged deficiencies in interrogatory answers."  *Id.* at * 3.  At the conference,

the Court "made perfectly clear, several times, that . . . plaintiff would be precluded from later

making arguments not identified in response to applicable questions."  *Id.*  With that background,

which completely differs from the circumstances here, the Court precluded the plaintiff from

raising an argument that was not disclosed in response to contention interrogatories or "at any point prior to the close of discovery." *Id.* at 1.

The above cases and their analyses of preclusion are thus completely inapposite and should not be applied here.

### E.    The Trustee Has Not Been Harmed or Suffered Prejudice

The Trustee's effort to estop the HSBC Defendants from pursuing certain defenses should be rejected because the HSBC Defendants served timely objections to the Interrogatories—a right granted by the Federal Rules of Civil Procedure (Rule 33(b)(4)), the Federal Rules of Bankruptcy Procedure (Rule 7033), and the Local Rules of this Court (Rule 7033-1)—and the Trustee took no action in response.  In the event the Court nevertheless determines it must perform an estoppel analysis (which it should not), no estoppel is warranted here.

As the Trustee recognizes, estoppel principles will not be applied where a "failure was substantially justified or is harmless."  *In re MTBE Prods. Liab. Litig.*, 117 F. Supp. 3d at 294 (citing Fed. R. Civ. P. 37(c)(1) and cases analyzing prejudice).[7]  As explained at length above, the HSBC Defendants dispute that there was any "failure" here at all; but, in any event, their timely and unchallenged objections to the Interrogatories provide substantial justification for any purported failure.  In addition, the Trustee would suffer no harm or prejudice if the HSBC Defendants were permitted to continue pursuing their defenses—and the Trustee notably does not argue he would, because he cannot.  The Trustee contends that unfair prejudice may result where the responding party "subsequently alters [its] position."  Tr. Br. at 41 (quoting *Wechsler*, 1999

---

[7] While the Trustee contends that proof of prejudice is not required for preclusion, even the cases he cites show that inquiry into any such prejudice is germane.  *In re MTBE*, 117 F. Supp. 3d at 294 (emphasis added) (noting bar may be imposed "especially when such failure results in prejudice to the adverse party") (citing *Unigene Labs.*, 2010 WL 2730471, at *6 ("Where there is substantial prejudice to the Plaintiffs . . . the Defendants' failure to amend their contentions results in [a] claim being waived."])).

WL 672902, at *2).  Here, there is no such risk of prejudice, as it cannot be disputed that the HSBC

Defendants never "altered" their position, nor can it be disputed that the Trustee has had continuous

notice of the HSBC Defendants' intention to pursue their defenses, including their § 546(e) and

statute-of-limitations defenses,[8] throughout the entire litigation.

The HSBC Defendants first raised their § 546(e) and statute-of-limitations defenses in May

2020, when they moved to dismiss the Trustee's Original Complaint.  *See* ECF No. 32.  In October

2022, following Judge Drain's denial of their motion to dismiss, the HSBC Defendants sought

leave to appeal his decision of (among other things) these issues.  *See* ECF No. 98.  The HSBC

Defendants again asserted these defenses in December 2022, when they filed Answers and

Affirmative Defenses in responses to the Trustee's First Amended Complaint.  *See* ECF Nos. 129,

130.  They asserted additional affirmative defenses at that time.  *Id.*

Thereafter, the HSBC Defendants produced extensive documents in discovery, including

documents supporting their defense under § 546(e) of the Bankruptcy Code (for example, the ISAs

and the pertinent account statements for the HSBC Accounts).  *See* Smith Decl. ¶ 6; Khan Decl.,

Exs. A through H (ECF Nos. 236-4 through -11); ECF Nos. 242-30 and -31 (Exhibits 27 and 28

to the Trustee's SUMF).  In addition, after extensive meet-and-confer efforts, the HSBC

Defendants agreed to produce a corporate representative for deposition, pursuant to Federal Rule

of Civil Procedure 30(b)(6), to, among other things, "testify regarding [the] factual allegations

contained in the HSBC Defendants' Answers and Affirmative Defenses to the First Amended

Complaint"; "the papers that the HSBC Defendants submitted in support of their motion to dismiss

---

[8] Although the Trustee does not argue that the HSBC Defendants have waived and/or should be
estopped from pursuing their statute-of-limitations defense—as he raises this argument only with
regard to the § 546(e) defense and the Miscellaneous Asserted Defenses, which does not include
the statute-of-limitations defense—it is nonetheless addressed here for the sake of completeness.

the Original Complaint"; and "the papers that the HSBC Defendants submitted in support of the motion for leave to appeal from the Court's denial of Defendants' motion to dismiss the Original Complaint." Smith Decl. ¶ 7, Ex. A at Response to Topic No. 26.

Counsel for the Trustee took the deposition of the HSBC Defendants' corporate representative, Irfan Khan, on October 26, 2023. Smith Decl. ¶ 8. Counsel for the Trustee had a full and fair opportunity to question Mr. Khan regarding any and all of the HSBC Defendants' affirmative defenses during his deposition. Indeed, the Trustee questioned Mr. Khan regarding facts underpinning the HSBC Defendants' affirmative defense under § 546(e) of the Bankruptcy Code. *Id.*; *see, e.g.*, Dec. 2024 Smith Decl., Ex. A. The HSBC Defendants also responded to the Trustee's Requests for Admission, which addressed, among other things, their § 546(e) defense. Smith Decl. at ¶ 9; *see also* ECF No. 242-11 (Exhibit 8 to the Trustee's SUMF). The HSBC Defendants further identified their § 546(e) defense as one of the bases of their intended summary-judgment motion in their pre-motion letters. *See* ECF Nos. 201, 210.

With regard to additional Miscellaneous Asserted Defenses that were not raised in motion practice, the HSBC Defendants are relying on the positions set forth by the Morgan Stanley Defendants, as they largely raised identical defenses. *See, e.g.*, ECF No. 141 (Cap V's Answer and Affirmative Defenses) at 42-45; ECF No. 142 (Morgan Stanley Investment Management, Inc.'s Answer and Affirmative Defenses) at 42-44; ECF No. 129 (HSBC I's Answer and Affirmative Defenses) at 55-58; ECF No. 130 (HSBC II's Answer and Affirmative Defenses) at 55-58. The Trustee has been on notice of this reliance throughout this case. *See, e.g.*, ECF Nos. 129 and 130 at Eighteenth Affirmative Defense (adopting "any additional applicable defense pleaded by any other defendant in this matter to the extent that HSBC may share such defense"). The Trustee opted to meet-and-confer with the Morgan Stanley Defendants regarding their

18

responses to the Trustee's interrogatories, and the Trustee does not challenge the Morgan Stanley Defendants' amended responses. The Miscellaneous Asserted Defenses that only the HSBC Defendants (and not the Morgan Stanley Defendants) raised have been withdrawn. Under all the above circumstances, there is no basis to find any harm to the Trustee. Indeed, the Trustee identifies no harm in his brief.

The HSBC Defendants' conduct demonstrates that they never abandoned their defenses, including their § 546(e) and statute-of-limitations defenses, and that the Trustee has been on continuous notice of the HSBC Defendants' intention to pursue those defenses. The Trustee also had an opportunity to address the HSBC Defendants' defenses through various forms of discovery, including the HSBC Defendants' document production and the testimony of the HSBC Defendants' corporate representative, eliminating any concerns regarding notice or prejudice. As a result, estoppel principles are wholly inappropriate in this context.

For all these reasons, the Court should deny the Trustee's request to find the HSBC Defendants are estopped from asserting certain affirmative defenses because they objected to the Trustee's plainly improper Interrogatories.

## **CONCLUSION**

For the reasons set forth herein and in the MS Opposition Brief that have been incorporated herein, the Court should deny the Trustee's Motion.

Dated: February 7, 2025

**GREENBERG TRAURIG, LLP**

By: _/s/ Louis Smith_____
Louis Smith, Esq.
Alan Brody, Esq.
Rebecca Zisek, Esq.
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone:    (973) 360-7900
Facsimile:     (973) 301-8410
Email: SmithLo@gtlaw.com

19

20-08950-dsj    Doc 263    Filed 02/07/25    Entered 02/07/25 18:09:36    Main Document
Pg 24 of 24

BrodyA@gtlaw.com
Rebecca.Zisek@gtlaw.com
*Attorneys for Defendants HSBC Equity Partners
USA, L.P. and HSBC Private Equity Partners II USA
LP*

20